12-4653
Li v. Holder

BIA
A097 602 610

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of March, two thousand fourteen.

PRESENT:
JOSÉ A. CABRANES,
RICHARD C. WESLEY,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

MEISHU LI,
*Petitioner,*

v. 12-4653
NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER: Theodore N. Cox, New York, NY.

FOR RESPONDENT: Stuart F. Delery, Assistant Attorney General; William C. Peachey, Assistant Director, Daniel E. Goldman, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Meishu Li, a native and citizen of China, seeks review of a November 2, 2012 decision of the BIA denying her motion to reopen her removal proceedings. *In re Meishu Li*, No. A097 602 610 (B.I.A. Nov. 2, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). An alien seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 C.F.R. § 1003.2(c)(2). These limitations do not apply, however, to a motion "based on changed country conditions arising in the country of nationality . . . if such evidence is material and was not available and would not have been discovered or presented at the previous hearing." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

Li does not dispute that her motion was both time and number barred, but argues that the BIA erred in finding that China's increased suppression of political dissent, particularly the suppression of internet dissent, did not constitute changed country conditions. This claim lacks merit. The BIA reasonably found that Li's political activities in this country constituted changed personal circumstances, which are insufficient to excuse the untimely filing of her motion to reopen. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006).

Moreover, Li's contention that conditions in China have changed since her merits hearing is unpersuasive. *See In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."). The record shows that China has suppressed political dissent, including online dissent, since well before Li's merits hearing in 2005.

Contrary to Li's contention, the BIA's treatment of her unauthenticated evidence was not an abuse of discretion. Although the BIA may err in rejecting evidence solely based on a failure to authenticate pursuant to regulations, *see Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 404-05 (2d Cir. 2005), Li failed to authenticate the evidence from China in any manner. *See Xiao Ji Chen v. United States Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (the weight accorded to evidence lies largely within the agency's discretion).

Finally, given that she did not demonstrate changed country conditions, it is not necessary to address Li's claim that she established her prima facie eligibility for relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

4

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk